IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

ROBERT GULLEY,

    Plaintiff,

vs.

                                                              No. 1:14-cv-01138-STA-egb

FISHING HOLDINGS, LLC;
FLW, LLC;
OPERATION BASS, INC.;
OUT FRONT MARKETING, LLC;
SHINICHI FUKAE;

    Defendants.

---

**In the Matter of the Complaint of
Operation Bass, Inc. as Owner
Pro Hac Vice of the 2011 Ranger**        No. 1:14-cv-01226-STA-egb
**Z520 20' 9" Boat with Hull
Identification Number RGR04271A111,
for Exoneration from or Limitation of Liability;**

---

**In the Matter of the Complaint of
Fishing Holdings, LLC. as Owner
of the 2011 Ranger Z520 20' 9"**        No. 1:14-cv-02976-STA-egb
**Boat with Hull Identification Number
RGR04271A111, for Exoneration
from or Limitation of Liability;**

---

**ORDER GRANTING THE HARTFORD INSURANCE COMPANY'S AMENDED
MOTION TO INTERVENE AS PLAINTIFF AND
DENYING THE HARTFORD INSURANCE COMPANY'S MOTION TO INTERVENE
AS PLAINTIFF AS MOOT**

---

Before the Court is the Amended Motion to Intervene as Plaintiff (ECF No. 52)[1] of Movant The Hartford Insurance Company. Respondent, Plaintiff Robert Gulley, has filed a Response (ECF Nos. 53 & 54) in opposition. After seeking and receiving leave from the Court, Movant filed a Reply (ECF No. 59). For reasons to follow, Movant's Amended Motion is **GRANTED**. As it also appears to the Court that Movant's initial Motion to Intervene (ECF No. 51) is still pending, that Motion is **DENIED** as moot.

I.   PROCEDURAL BACKGROUND

On June 13, 2014, Respondent initiated (ECF No.1) this action in admiralty against a number of defendants. Respondent quickly amended (ECF No. 4) his Complaint four days later. All Defendants filed an Answer (ECF Nos. 15, 16, & 17) by Sept. 22, 2014. The Court entered a Scheduling Order (ECF No. 19) on March 26, 2015 that set February 12, 2016, as the deadline for all discovery to be completed. The Court consolidated the matter with two related Complaints for Exoneration From or Limitation of Liability (ECF No. 22) on May 18, 2015. The Court permitted the parties to amend (ECF No. 29) the Scheduling Order on Dec. 10, 2015. Defendant Operation Bass, Inc., filed an Amended Answer (ECF No. 33) on Dec. 22, 2015. On June 9, 2016, the Court amended the Scheduling Order (ECF No. 41), which extended the deadline for completing all discovery to December 23, 2016. The parties again moved (ECF No. 43) to amend the Scheduling Order and continue the trial date on September 22, 2016. There is some confusion in the record at this point because the case was then reassigned (ECF No. 49), but the Court reset the trial date to September 25, 2017 (ECF No. 45), and the discovery deadline was further extended to May 31, 2017. On April 5, 2017, Movant filed a Motion to Intervene

---

[1] All ECF numbers are from Case No. 1:14-cv-01138-STA-egb.

(ECF Nos. 50 & 51). On April 11, 2017, it filed the instant Motion (ECF No. 52), amending its original Motion. Respondent filed his Response (ECF Nos. 53 & 54) on April 25, 2017. Movant then filed its Reply (ECF 59) on May 12, 2017. In granting (ECF No. 100) Defendant Shinichi Fukae's Motion to Continue Trial (ECF No. 89) on August 28, 2017, the Court continued the trial to January 22, 2018, and reset a number of deadlines accordingly (ECF Nos. 101 & 102).

II.   **LEGAL STANDARD**

Under Rule 24 of the Federal Rules of Civil Procedure, a non-party may move to intervene in a civil action. The rule provides for two types of intervention: (1) intervention of right, which requires that the Court allow a non-party to intervene, and (2) permissive intervention, which is granted at the Court's discretion. Fed. R. Civ. P. 24. Rule 24 is to be construed broadly in favor of intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). The Court will analyze the instant Motion under Rule 24(a)(2).[2] In so doing, the "[C]ourt must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that dispos[ition] of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Rule requires Movant to demonstrate that: (1) the Motion was timely filed; (2) Movant possesses a substantial legal interest in the case; (3)

---

[2] For reasons unknown to the Court, Movant did not specify how it is proceeding under Rule 24 but mentions "a clear statutory right" and refers to section 50-6-112 of the Tennessee Code Annotated, Reply Brief in Supp. of Am. Motion to Intervene and Incorporated Mem. in Supp., at 2, May 12, 2017, ECF No. 59, as well as section 342.0011 et seq. of the Kentucky Revised Statutes. Am. Motion to Intervene as Pl. and Incorporated Mem. in Supp., at 2, Apr. 11, 2017, ECF No. 52. As Rule 24(a)(1) requires an unconditional right to intervene given by a *federal* statute, the Court assumes that Movant relies on Rule 24(a)(2). *See* Fed. R. Civ. P. 24(a).

3

Movant's ability to protect its interest will be impaired without intervention; and (4) neither Respondent nor Defendants will adequately represent Movant's interest. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). Because each element is mandatory, failure to satisfy any one of them will require the Court to deny Movant's attempt to intervene. *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). The Court, however, cannot refuse an intervenor that does meet all four requirements. *Homayed v. Maytag Co.*, 1987 U.S. Dist. LEXIS 15549, at *2 (E.D. Mich. Dec. 21, 1987).

### III. DISCUSSION

#### A. Timeliness

The Supreme Court has made it clear that timeliness is a threshold issue for a motion to intervene, regardless of whether the intervenor seeks to proceed by intervention as of right or permissive intervention. *NAACP v. New York*, 413 U.S. 345, 365 (1973) (citing Fed. R. Civ. P. 24). The Sixth Circuit has articulated five factors for courts to consider in determining the timeliness of a motion to intervene:

> (1) the point to which the suit has progressed;
> (2) the purpose for which intervention is sought;
> (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;
> (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and
> (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill*, 636 F.3d at 283 (quoting *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor alone is dispositive." *United States v. City of Detroit*, 712 F.3d 925, 937 (6th Cir.

2013) (Clay, J., dissenting) (quoting *Blount-Hill*, 636 F.3d at 284). And "[t]here is no bright-line rule to determine the timeliness of a motion to intervene." *S. H. v. Stickrath*, 251 F.R.D. 293, 297 (S.D. Ohio 2008).

After evaluating all of the relevant factors, the considerations weigh in favor of Movant. Accordingly, the Court must find that Movant's intervention is timely.

1.   **Progression of the suit**

Under the first factor, Respondent argues that Movant waited until discovery had nearly ended to file the instant Motion. Movant, however, responds that it does not need to retake any depositions or depose any new witnesses, insisting that any discovery would be minimal.

"[T]he first factor . . . . is . . . properly directed to the finality of any judgments or orders entered." *City of Detroit*, 712 F.3d at 937–38 (citing *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000). The Sixth Circuit concluded in *Blount-Hill* that this factor weighed against the intervenors in that case because

> extensive progress has been made in this litigation, including the (1) decision granting in part Defendants' first motion to dismiss; (2) completion of a pretrial conference and issuance of a scheduling order; (3) additional discovery and discussions about stipulations of fact; (4) filing of a Third Amended Complaint; and (5) filing of a second motion to dismiss, to which Plaintiffs responded.

636 F.3d at 285. In *Stupak-Thrall*, this factor also weighed against the intervenor because "discovery was closed, the experts were producing their reports, and the court's previously-identified 'finish line' . . . was fast approaching." 226 F.3d at 475. But that case also noted two instances where this factor weighed in the intervenor's favor: M*ountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3rd Cir. 1995), which had permitted intervention despite four years passing between the initiation of the action and the

5

motion to intervene because "there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question," and *Usery v. Brandel*, 87 F.R.D. 670, 675 (W.D. Mich. 1980), which permitted intervention after ten months because "the suit had 'not advanced beyond early discovery.'" *Stupak-Thrall*, 226 F.3d at 475.

In the current case, no dispositive motions have been resolved, and those now pending were filed more than two months after Movant filed this Motion. Similarly, the parties have not yet had their pre-trial conference, which has now been moved to January of next year. The scheduling order, however, has been issued and modified. And Movant did not file this Motion until discovery had been ongoing for some time, though it had not yet closed. On balance, this factor weighs in Movant's favor, albeit not heavily. The Court finds the present facts to be distinguishable from *Blount-Hill* and *Stupak-Thrall* because discovery had not yet been completed upon Movant's filing of the instant Motion, and with the recent resetting of the Pre-Trial Conference and Trial dates, the "finish line" is not "fast approaching."

### 2. Purpose of the intervention

Movant seeks to intervene for the purpose of protecting any potential rights with respect to the recovery of workers' compensation benefits paid. Movant claims that, because this is a legitimate purpose in a timeliness analysis under Rule 24, this factor should weigh heavily in its favor. Respondent asserts that this purpose is improper because Respondent lacks a copy of the relevant insurance policy to know if Movant provided coverage for maintenance and cure. Further, Respondent suggests that Movant would be unlikely to recover anything from Defendants.

"District courts should evaluate the purpose of intervention in terms of the 'importance of the legal interests asserted.'" *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 491 (6th Cir. 2014) (quoting *Clarke v. Baptist Mem'l Healthcare Corp.*, 427 F. App'x 431, 436 (6th Cir. 2011)). Some examples of compelling reasons are "to avoid duplicative litigation and . . . to participate in an action by which [the intervenor] will be bound." *Boettcher v. Loosier*, 2016 U.S. Dist. LEXIS 59192, at *11–12 (W.D. Tenn. May 4, 2016). But the intervenor must seek to do more than "merely an opportunity to present an argument or expertise." *Davis*, 560 F. App'x at 491 (citing *Stupak-Thrall*, 226 F.3d at 475)).

The Court is convinced that Movant's purpose in intervention is proper. Movant seeks to protect its own rights to workers' compensation benefits stemming from the facts of this case rather than engage in separate actions against the parties. Respondent makes a number of arguments as to why any recovery by Movant is unlikely, but the Court finds these points irrelevant to the limited scope of this factor: Movant's purpose in intervention. Therefore, this factor weighs heavily in Movant's favor.

### 3. Length of time the intervenor knew of its interest

Both Movant and Respondent agree that Movant knew about this litigation for at least a year prior to the filing of the instant Motion. And Respondent suggests that Movant should have known about it well before that time. Movant argues that the suit has not progressed past discovery and that its intervention will not cause any unnecessary delay.

"A party must have been aware of the risk that his interest may be affected by the litigation, and that [its] interest may not be fully protected by the existing litigants." *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 583 (6th Cir. 1982) (citing *United Airlines, Inc. v.*

7

*McDonald*, 432 U.S. 385, 394 (1977); *Mich. Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)). But "[a]ctual notice is not required." *Davis*, 560 F. App'x at 492 (citing *Stotts*, 679 F.2d at 583).

Here, Movant has had actual notice for at least year, and may have had constructive notice for a longer period. Its arguments in justification, however, are aimed at the first and fourth factors. As Movant offers no compelling reason, or even an uncompelling reason, for that matter, the Court must find that the third factor weighs heavily in Respondent's favor.

### 4. Prejudice to the original parties

Defendants do not oppose the instant Motion, so the Court assumes they will not be prejudiced if Movant is permitted to intervene. Respondent suggests he is prejudiced because of the resources expended in resolving the instant Motion. Movant argues that the efforts expended to draft a four-page memorandum are not sufficient to weigh against intervention under this factor. The Court agrees. The sorts of prejudice that would weigh against intervention involve a duplication of efforts in discovery or dispositive motions. *See Blount-Hill v. Zelman*, 636 F.3d 278, 286 (6th Cir. 2011). A duplication of efforts does not seem to a problem here because Movant filed its motion before discovery's close, insists any discovery it would require would be minimal, and filed this Motion before any dispositive motions were filed. Therefore, the Court finds that this factor weighs in Movant's favor.

### 5. Unusual circumstances militating in favor of intervention

Movant argues that the complex legal issues involved in this litigation require Movant's interests to be represented directly and fully. Respondent doubts such circumstances are present

8

and suggests, citing to the Kentucky workers' compensation statute, that the fact that Movant may have simply paid workers' compensation benefits by mistake is an unusual circumstance that should weigh *against* intervention. Movant, however, points to the competing workers' compensation statutes of Kentucky and Tennessee, as well as the additional possibility that this case might not be a Jones Act case at all, in support of its contention that this case's complexity weighs in favor of intervention.

The Sixth Circuit "does not have an established list of additional factors that it considers." *Davis*, 560 F. App'x at 494. "It is not error for a court to consider the total balance of the timeliness factors under this prong." *Id.*

The Court finds no "unusual circumstance" weighing in favor of or against intervention in this case. But on the whole, a balancing of the other enumerated factors ultimately weighs in Movant's favor. While Movant knew for at least a year of its interest, the suit has not progressed to an advanced state, Movant has a proper purpose, and the original parties will not be prejudiced. Accordingly, the Court finds this intervention to be timely under Rule 24.

### B. Substantial Legal Interest[3]

The Sixth Circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right." *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371 (6th Cir. 2014) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999)).

> But our case law's requirement that the proposed intervenors possess "a significant legal interest in the subject matter of the litigation" is not without meaning. . . . [T]he applicant for intervention "must have a direct and substantial

---

[3] Respondent only raises the issue of timeliness in its brief in opposition to Movant's intervention. The Court will, however, briefly consider the remaining requirements to ensure that Movant's intervention would be in compliance with Rule 24.

interest in the litigation," such that it is a "real party in interest in the transaction which is the subject of the proceeding."

*Id.* at 371–72 (citations omitted). Such an interest is not present where the intervenor is simply seeking to protect its own economic interests in one of the original party's continued solvency. *Id.* at 372 (citations omitted). But the assertion of a state-created right of subrogation is sufficient. In *Homayed v. Maytag Co.*, the United States District Court for the Eastern District of Michigan found that a health insurance company's payment of medical care created a right to subrogation under Michigan law and was, therefore, a sufficient interest for the health insurance company to intervene under Rule 24(a) in action by the insured against the manufacturer of the washing machine that allegedly caused the insured's injuries. 1987 U.S. Dist. LEXIS 15549 (E.D. Mich. Dec. 21, 1987).

> . . . [the insurance company] is asserting a state created right of subrogation. Because settlement might occur at any time, [the insurance company's] subrogation interest might be impaired at any time. Furthermore, the existing parties do not adequately represent [the insurance company's] interest. Although the plaintiffs may wish to obtain the largest possible judgment or settlement, they may wish to receive double recovery by avoiding paying [the insurance company]. If they pay the plaintiffs, the defendants will undoubtedly fight any double recovery by [the insurance company].

*Id.* at *5. Though the reasoning in *Homayed* is not binding upon this Court, the Court finds it persuasive because Tennessee law affords Movant with the right to intervene in this action. *See* Tenn. Code Ann. § 50-6-112(c)(1). Therefore, the Court finds Movant to have a substantial legal interest in this case.

### C. Impairment of Movant's Interest Without Movant's Intervention

"To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.

This burden is minimal." *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 495 (6th Cir. 2014) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)). The Court is again persuaded by the reasoning of the District Court in *Homayed*: "Because settlement might occur at any time, [Movant's] subrogation interest might be impaired at any time." 1987 U.S. Dist. LEXIS 15549, at *5 (E.D. Mich. Dec. 21, 1987). The same is true of this case. Therefore, the Court finds that Movant's interest in this matter could be impaired without intervention.

### D. Representation of Movant's Interest

"The proposed intervenor's burden in showing inadequacy is minimal." *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 495 (6th Cir. 2014) (citations and internal quotations omitted). "The proposed intervenor[] need show only that there is a potential for inadequate representation." *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999) (citations omitted). Once again, the Court finds the reasoning of the District Court in *Homayed* persuasive: "[T]he existing parties do not adequately represent [Movant's] interest. Although the plaintiffs may wish to obtain the largest possible judgment or settlement, they may wish to receive double recovery by avoiding paying [Movant]. If they pay the plaintiff[], the defendants will undoubtedly fight any double recovery by [Movant]." 1987 U.S. Dist. LEXIS 15549, at *5 (E.D. Mich. Dec. 21, 1987). The same is again true of this case. Therefore, the Court finds that Movant's interest is not adequately represented without intervention.

## IV. CONCLUSION

Because the instant Motion is timely, Movant has a substantial legal interest in the case, Movant's interest could be impaired without intervention, and none of the original parties are

likely to adequately represent Movant's interest, the Court finds that Movant's intervention satisfies the requirements of Fed. R. Civ. P. 24(a). Therefore, Movant's Amended Motion to Intervene is **GRANTED**. And because Movant's initial Motion to Intervene is still pending, that Motion is **DENIED** as moot.

It is so ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE


Date: August 31, 2017.