IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**ROBERT GULLEY,**

    Plaintiff,

vs.

                              No. 1:14-cv-01138-STA-egb

**FISHING HOLDINGS, LLC;**
**FLW, LLC;**
**OPERATION BASS, INC.;**
**OUT FRONT MARKETING, LLC;**
**SHINICHI FUKAE;**

    Defendants.

---

**In the Matter of the Complaint of**
**Operation Bass, Inc. as Owner**
**Pro Hac Vice of the 2011 Ranger**        No. 1:14-cv-01226-STA-egb
**Z520 20' 9" Boat with Hull**
**Identification Number RGR04271A111,**
**for Exoneration from or Limitation of Liability;**

---

**In the Matter of the Complaint of**
**Fishing Holdings, LLC. as Owner**
**of the 2011 Ranger Z520 20' 9"**        No. 1:14-cv-02976-STA-egb
**Boat with Hull Identification Number**
**RGR04271A111, for Exoneration**
**from or Limitation of Liability;**

---

**ORDER GRANTING DEFENDANT SHINICHI FUKAE'S**
**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PLAINTIFF ROBERT**
**GULLEY'S EXPERT WITNESS DAVID COOKE AND**
**DENYING DEFENDANT SHINICHI FUKAE'S MOTION FOR LEAVE TO FILE A**
**REPLY TO PLAINTIFF ROBERT GULLEY'S RESPONSETO MOTION IN LIMINE**

---

Before the Court is Defendant Shinichi Fukae's Motion in Limine to Exclude Testimony

of Plaintiff Robert Gulley's Expert Witness David Cooke (ECF No. 65),[1] which Defendant Fishing Holdings, LLC, joins (ECF Nos. 74 & 81). For reasons discussed below, Defendant Shinichi Fukae's Motion in Limine is **GRANTED**. As a result, Defendant Shinichi Fukae's pending Motion for Leave to File a Reply (ECF No. 96) to Plaintiff Robert Gulley's Response to the Motion in Limine (ECF No. 88) is **DENIED** as moot.

## I.  BACKGROUND

### A.  Facts

For the purposes of this Motion, the following facts are not in dispute unless otherwise noted. *See* Mem. in Supp. of Motion in Lim. to Exclude Test. of Pl.'s Expert Witness David Cooke, at 1–5, June 30, 2017, ECF No. 65-1; Robert Gulley's Resp. to Motion in Lim. Re Cooke, Aug. 14, 2017, ECF No. 88. The final day of a professional bass fishing tournament provided the backdrop and the connecting thread for the parties to this action. Defendant Shinichi Fukae ("Fukae"), one of the professional fishermen participating in said tournament, and Plaintiff Robert Gulley ("Plaintiff"), the cameraman assigned to Fukae, were both on a 2011 Ranger Z520 20' 9" bass boat (the "Boat") in Kentucky Lake in Henry County, Tennessee. At approximately 1:30 P.M., Fukae decided to try one last fishing stop before the tournament's final weigh-in and drove the Boat north. But before doing so, he removed the forward pedestal seat and laid it on the deck between the operator's console and the passenger's console. As the Boat accelerated, the pedestal seat began to bounce and roll. Fukae attempted to secure the pedestal seat with his foot but was unsuccessful. Distracted,[2] Fukae then looked up to see the Highway

---

[1] All ECF numbers provided come from Case No. 1:14-cv-01138-STA-egb.
[2] Fukae and Plaintiff dispute whether the seat or actions by Plaintiff himself caused this distraction. Mem. in Supp., at 2 n.2, ECF No. 65-1).

79 Bridge (the "Bridge") in front of him. Fukae then turned the wheel hard to the left to avoid the bridge. But the Boat struck the Bridge, throwing Plaintiff into the operator's console and resulting in injury.

### B. Proposed Expert Testimony

David Cooke is a graduate of the State University of New York Maritime College and is offered by Plaintiff as an expert in the safe and efficient operation of marine systems and equipment, including small boats such as the Boat. Mr. Cooke has concluded, based on the basic rules of boating, that "Fukae should have been aware that a pedestal seat, left adrift in [the B]oat, could bounce around and create a safety issue while navigating" and "should have properly stowed or secured the seat before operating the [B]oat." Mr. Cooke also notes that, "[e]ven if [Fukae] had failed to consider the consequences of a loose pedestal seat prior to operating [the Boat], Fukae had multiple options and opportunities to correct the unsafe situation, [all of] which he failed to take."

## II. LEGAL STANDARD

The instant Motion seeks to exclude expert testimony under Federal Rule of Evidence 702. "An intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness, although there are other techniques for supplying it." Fed. R. Evid. 702, advisory committee's note to rule. Rule 702 governs the admissibility of expert testimony in federal courts. An expert witness may testify if (1) his specialized knowledge will assist the trier of fact in understanding the evidence or resolving a question of fact, (2) the testimony is grounded in fact, (3) the testimony stems from a reliable practice or procedure, and

(4) the expert witness reliably applied that practice or procedure to the facts. Fed. R. Evid. 702. But "[w]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier [of fact]." Fed. R. Evid. 702, advisory committee's notes.

> There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

*Id.* (quoting Mason Ladd, *Expert Testimony*, 5 Vand. L. Rev. 414, 418 (1952)). Simply put, the trial judge, in his role as gatekeeper, may properly exclude unnecessary evidence. *Hubbard v. Gross*, 199 Fed. App'x 433, 442–43 (6th Cir. 2006) (citing *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)); *see also U.S. Smelting Co. v. Parry*, 166 F. 407, 415 (8th Cir. 1909) (noting that "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation, then the general rule is to be applied"). Although the proponent of expert testimony need not prove that the opinion is correct, the proponent does bear the burden of proving the opinion's admissibility by a preponderance of the evidence. *See EEOC v. Kaplan Higher Educ.*, 748 F.3d 749, 752 (6th Cir. 2014) (citing *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001); Fed. R. Evid. 702, advisory committee's note to 2000 amendment).

## III. DISCUSSION

Fukae asserts that the testimony proffered by Mr. Cooke is within the common knowledge and experience of the average juror and, therefore, should be excluded as knowledge

that will not assist the trier of fact. Mem. in Supp. of Motion in Lim. to Exclude Test. of Pl.'s Expert Witness David Cooke, at 6, June 30, 2017, ECF No. 65-1). The average person clearly knows, according to Fukae, that a person operating a boat must practice "good seamanship" because the practice of "good seamanship" involves merely the exercise of reasonable and prudent conduct. *Id.* Such conduct includes "watch[ing] where you[ a]re going" and "maintaining a safe speed and distance," simple concepts familiar to anyone who has ever operated a vehicle. *Id.* Plaintiff, however, rejects this point as a "dangerous," false equivalence. Robert Gulley's Resp. to Motion in Lim. Re Cooke, at 1, Aug. 14, 2017, ECF No. 88. Plaintiff compares Fukae's argument to a suggestion that the average person also understands "the rules and requirements applicable to a NASCAR driver on a racing track . . . [by virtue of having] a driver's license." *Id.* Plaintiff points to the additional requirement of a certificate for those born after 1989 in order to drive a boat in Tennessee. *Id.* (citing Tenn. Code Ann. § 69-9-226).

The Court is not convinced that Mr. Cooke's expert testimony will assist the jury in this case. It is true that the average person is not likely to be aware of various rules and regulations applicable to the operation of a vessel on Tennessee's waterways, particularly any additional burdens placed upon such operators when participating in a professional bass fishing tournament. But that information is not what Plaintiff offers Mr. Cooke's testimony for. In his Response to the instant Motion, Plaintiff highlights two factual issues that Cooke might help the jury understand. First, "whether 'good seamanship' required . . . Fukae to secure the [pedestal] seat that distracted him before the allision with the bridge." *Id.* at 2. Second, "whether Fukae's failure to secure the [pedestal] seat was a cause of the allision." *Id.* Mr. Cooke, however, agrees with Fukae that to practice good seamanship is to act reasonably and prudently, Dep. of David Cooke, at 30, June 30, 2017, ECF No. 65-2. Whether an individual has acted reasonably and

5

prudently is a determination that finders of fact having been making as long as negligence cases have existed. Negligence, *Black's Law Dictionary* (10th ed. 2014) ("The failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation . . . ."). The Court is confident that a lay person is perfectly capable of comprehending and resolving questions of reasonableness and causation as they relate to looking where one is going or maintaining a safe speed and distance. Therefore, the Court finds that Plaintiff, as proponent of Mr. Cooke's expert testimony, has failed to meet his burden under Rule 702.

## IV. CONCLUSION

Because Plaintiff has failed meet his burden under Rule 702, Fukae's Motion in Limine is hereby **GRANTED**. Accordingly, Fukae's Motion for Leave to File a Reply is **DENIED** as moot.

It is so ORDERED.

    **s/ S. Thomas Anderson**
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: September 6, 2017.