# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| ROBERT GULLEY, | ) |
|     Plaintiff, | ) |
| and | ) |
| THE HARTFORD INSURANCE COMPANY, | ) |
|     Intervenor Plaintiff, | ) |
| vs. | ) No. 1:14-cv-01138-STA-egb |
| SHINICHI FUKAE, | ) |
|     Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE

Before the Court are the Motions in Limine of Defendant Shinichi Fukae (ECF Nos. 123, 124, 125, & 126). As noted in the Setting Letter (ECF No. 45), motions in limine were due at least two weeks before the trial date—a deadline that Defendant complied with. But as also noted in the Setting Letter, the responses to any motions in limine were due within five days of service of those motions. Here, Plaintiff Robert Gulley failed to *timely* respond to any of Defendant's Motions in Limine. Plaintiff did, however, file a Response to the Motions (ECF No. 130) several days late and on the eve of trial. Under Local Rule 7.2(a)(2), this failure to *timely* respond to a motion constitutes sufficient grounds to grant the motion. Nonetheless, the Court now reviews each Motion on its merits. For reasons set forth below, Defendant's Motions in Limine are hereby **GRANTED**.

## I. DISCUSSION

Plaintiff contends, with one exception, that all of these Motions are moot in light of the Court's December 5, 2017 Order on Defendant's Motion for Partial Summary Judgment and the related Motions by Defendant's co-Defendants (ECF No. 114). Plaintiff only asserts that the testimony of Dr. Train remains relevant. The general rule for admissibility of evidence is that "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. But "[t]he [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The admissibility of certain types "of evidence depends on whether a fact exists, [and] proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). For "an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). When a witness provides testimonial evidence but not

> as an expert, [such] testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. A witness who *is* qualified as an expert, however, may provide testimony based on his or her own "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. "An opinion is not objectionable just because it embraces an ultimate issue," but the Rule does not permit an expert witness to substitute for the Court in relating to jury applicable law. Fed. R. Evid. 704(a); *Stoler v. Penn Cent. Transp. Co.*, 583 F2d 896, 899 (6th Cir. 1978).

In Defendant's First Motion in Limine (ECF No. 123), Defendant seeks to exclude (1) the testimony of Dr. Brian Fagan and (2) medical records from North East Orthopedics and Dr. Brian Fagan. While Dr. Fagan was listed as a witness who may be called by Plaintiff, no party has taken his deposition. While the medical records were received during discovery, no party has identified the medical records or testified as the procedure of their creation. The records indicate that Dr. Fagan saw and possibly treated Plaintiff for right knee pain. Defendant contends that both the testimony and record itself are irrelevant because the Court entered summary judgment as to Plaintiff's alleged knee injury. Defendant further argues that the records have not been properly authenticated under Federal Rule of Evidence ("FRE") 901.

In Defendant's Second Motion in Limine (ECF No. 124), Defendant seeks to exclude (1) the testimony of Dr. Joseph Bailey and (2) medical records from Tree of Life Free Clinic. While Dr. Bailey was listed as a witness who may be called by Plaintiff, no party has taken his deposition. Plaintiff produced two documents from the Free Clinic—where Dr. Bailey is a Physician—that are dated November 2, 2016, and January 4, 2017. While it is unclear from the record who actually saw Plaintiff, Plaintiff maintains that he saw Dr. Bailey. An unknown Nurse Practitioner, however, appears to have signed the January 4, 2017 medical record. Plaintiff's visit to Dr. Bailey, the records indicate, pertained to neck pain. Defendant contends that both the testimony and records themselves are irrelevant because the Court entered judgment as to Plaintiff's alleged neck injury. Defendant further argues that the records have not been properly authenticated under FRE 901.

In Defendant's Third Motion in Limine (ECF No. 125), Defendant seeks to exclude the testimony of Dr. F. Mitchell Massey. Plaintiff has identified Dr. Massey as a witness whose testimony he intends to present by deposition. But based on Dr. Massey's deposition testimony,

it is clear he saw and treated Plaintiff for right knee pain only. Thus, Defendant argues once again that such evidence is irrelevant in light of the Court's entry of summary judgment.

In Defendant's Fourth Motion in Limine (ECF No. 126), Defendant seeks to exclude (1) any testimony or evidence relating to or referencing Plaintiff's alleged neck or knee injuries; (2) any testimony or evidence relating to or referencing Plaintiff's earning capacity, loss of earning capacity, loss of past earnings, or loss of future earnings; (3) any testimony or evidence relating to or referencing Plaintiff's future medical expenses; (4) the GPS Download and Analysis for Incident 111019 by the Tennessee Wildlife Resources Agency; and (5) any evidence or testimony relating to or referencing Defendant's contractual relationship with Operation Bass or any other sponsors. Defendant argues that evidence as to these injuries is irrelevant in light of the Court's entry of judgment that the accident did not cause these injuries. Defendant references a deposition where Plaintiff's counsel stated that Plaintiff is waiving all claims for past and future wages as well as earning capacity. Defendant then argues that any evidence admitted to establish any of these claims would be irrelevant. Defendant points out that Court entered judgment in its favor as to future medical expenses after Plaintiff could produce no evidence to support a claim for such expenses and argues that any such evidence would now be irrelevant. Plaintiff indicated in the Proposed Pre-Trial Order that he will seek to introduce a document titled "GPS Download and Analysis – Incident 111019" that was prepared by the Tennessee Wildlife Resources Agency. Defendant argues that the document should be excluded because it has not been authenticated under FRE 901 as Plaintiff has introduced no evidence to support a finding that the document is what it purports to be. Defendant also argues that the document contains impermissible opinion testimony under FRE 701 as it offers a conclusion that Defendant was inattentive to the course of the vessel and this resulted in the accident. Defendant

notes that Plaintiff failed to offer evidence establishing this opinion as rationally based on the Investigator's perception, helpful to determining a fact in issue, rather than technical knowledge within the scope of FRE 702. Defendant also asserts that the conclusion is a legal conclusion on an ultimate issue rather than a factual opinion and should be excluded under FRE 704(a). Defendant argues that its contractual relationship with Operation Bass and other sponsors, particularly his compensation and benefits, is irrelevant to Plaintiff's claims and should therefore be excluded. Defendant alternatively argues that the information is confidential, as he is bound to maintain confidentially regarding his compensation under any contract and this outweighs any probative value by being unfairly prejudicial.

With the exception of Defendant's alternative argument in the Fourth Motion regarding prejudice, Defendant's arguments are well taken. As for Plaintiff's sole argument, Dr. Train is not mentioned specifically in any of Defendant's Motions that are currently before the Court. And Plaintiff does not clarify which Motion in Limine seeks to exclude Dr. Train's testimony or why Dr. Train's testimony continues to be relevant beyond Plaintiff's belief that it "continues to be admissible" in conjunction with Plaintiff's own testimony. Thus, the Court finds no reason to limit the Order it enters today.

## II.     CONCLUSION

For the foregoing reasons, Defendant's Motions in Limine are **GRANTED**.

**IT IS SO ORDERED.**

                                                                  s/ S. Thomas Anderson
                                                                  S. THOMAS ANDERSON
                                                                  CHIEF UNITED STATES DISTRICT JUDGE

                                                                 Date:  January 22, 2018.