IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT GULLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| THE HARTFORD INSURANCE COMPANY, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-01138-STA-egb |
| | ) |
| SHINICHI FUKAE, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING INTERVENOR PLAINTIFF'S MOTION FOR ENFORCEMENT
OF INTERVENOR PLAINTIFF'S SUBROGATION LIEN AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Intervenor Plaintiff The Hartford Insurance Company's Motion for Enforcement of Its Subrogation Lien (ECF No. 145). The Hartford, under Tennessee law, seeks to recover $189,361.61 from the Judgment entered in favor of Plaintiff Robert Gulley (ECF No. 143). Mr. Gulley filed a Response in Opposition (ECF No. 146), asserting that maritime law alone governs this dispute and thereunder The Hartford is not entitled to the relief it seeks. For the reasons that follow, The Hartford's Motion is **GRANTED**. To the extent that Mr. Gulley moved for summary judgment in his Response, that Motion is hereby **DENIED**. The Hartford is entitled to recoup its expenses paid to Mr. Gulley from the Judgment of the Court. Furthermore, counsel for Mr. Gulley is barred from collecting attorney fees from that amount.

## BACKGROUND

On June 19, 2011, Defendant Shinichi Fukae was piloting a boat during a professional bass fishing tournament that allided with the Highway 79 Bridge on Kentucky Lake in Henry County, Tennessee. Mr. Gulley was aboard that boat and suffered serious injuries. As a result, The Hartford paid out $165,558.92 for the reasonable and necessary medical treatment of Mr. Gulley. The Hartford paid an additional $13,311.33 to Mr. Gulley as indemnity, as well as another $10,491.36 for other recoverable expenses such as transportation reimbursement and case management fees. The Hartford made these payments under Kentucky's workers' compensation scheme on behalf of its insured—and Mr. Gulley's employer at the time of the accident—Defendant Operation Bass, Inc.

Thereafter, Mr. Gulley filed suit under maritime law against Defendant Fukae, Defendant Operation Bass, and other entities. After resolving the parties' Motions for Summary Judgment, only Mr. Gulley's claim of negligence against Defendant Fukae remained. Subsequently, Defendant Fukae conceded liability on that claim. After a bench trial on the single of issue of damages, the Court entered Judgment in Mr. Gulley's favor on June 13, 2018, awarding him $497,500.00. Now, The Hartford has filed the instant Motion to recoup its payments to Mr. Gulley from said Judgment.

## DISCUSSION

### I. The Hartford's Motion for Enforcement of Its Subrogation Lien

The parties do not seem to dispute that The Hartford has a subrogation lien under Tennessee law. The Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101 *et seq.*, is relatively straight forward. *See* Tenn. Code Ann. § 50-6-112(a), (c). And Mr. Gulley does not challenge The Hartford's assertion of the lien in his Response. For the proposition that

Tennessee law controls this dispute, however, The Hartford relies purely on the Tennessee Workers' Compensation Law itself, and *LaCroix v. L.W. Matterson, Inc.*, 393 S.W.3d 687, 694 (Tenn. Ct. App. 2012), a case from the Tennessee Court of Appeals that concluded the language of the Tennessee Workers' Compensation Law did not limit its application to payouts specifically made under that statute. This argument, however, seems to make no account for federal maritime law. For his part, Mr. Gulley did not expound upon the specific applicability of maritime law to this lien either. Mr. Gulley noted that he recovered under maritime law— indeed, this Court sits in admiralty as it presides over this case—and that state law cannot deprive a Jones Act seaman of his remedy under federal maritime law. *Cf. Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222–23 (1986). The problem with this assertion is of course that Mr. Gulley did not recover his judgment as a Jones Act seaman. He recovered under the ordinary negligence principles of federal maritime law. *See Gulley v. Fishing Holdings, LLC (In re Operation Bass, Inc.)*, 2017 U.S. Dist. LEXIS 199711, at *16, 24 (W.D. Tenn. Dec. 5, 2017) (citing *Guidry v. S. La. Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980)) ("On June 17, 2014, Plaintiff filed his Complaint, seeking damages for . . . negligence with respect to Fukae under general maritime law. . . . [T]he plain language of the Jones Act expressly limits its applicability to actions against an employer."). And the Court has previously expressed some doubt that Mr. Gulley qualifies as a seaman under the Jones Act. *Id.* at *23 n.16.

"Tennessee law is not federal maritime law. But where there is no established rule under general maritime law, federal courts have looked to other sources of law, including state law. . . . [unless the rule] would 'impair the uniformity and simplicity . . . of the federal admiralty law.'" *Gulley*, 2017 U.S. Dist. LEXIS 199711, at *39–40 (quoting *Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992)) (citing *Yamaha Motor Corp.*

*v. Calhoun*, 516 U.S. 199, 210 n.8578 (1996); *Moragne v. States Marine Lines*, 398 U.S. 375, 401–02 (1970)). And in maritime cases, liens created by State statute must still conform "to the general principles of maritime law." *The Rapid Transit*, 11 F. 322, 331 (W.D. Tenn. 1882) (deciding the priority of certain liens, some created by State statute, in a vessel). Here, Mr. Gulley offers no applicable source of authority tending to show that Tennessee workers' compensation statute impairs the uniformity and simplicity of maritime law or its general principles. Furthermore, as The Hartford points out in its Reply (ECF No. 148), Mr. Gulley is effectively seeking a double recovery for his medical expenses by having accepted the payments from The Hartford and now arguing to keep the entirety of his judgment. "This he cannot do, 'for in the admiralty as elsewhere in the law a litigant may not recover compensation for a single claim more than once.'" *Manchack v. S/S Overseas Progress*, 524 F.2d 918, 919–20 (5th Cir. 1975) (quoting *McCarthy v. Am. E. Corp.*, 175 F.2d 727, 729 (3d Cir. 1949)).

The Hartford also asks the Court to bar counsel for Mr. Gulley from collecting a *pro rata* portion of The Hartford's subrogation lien as an attorney fee. The Hartford points to Tennessee's workers' compensation statute once more, citing specifically the language that provides for attorney's fees: "In the event of a recovery from the other person by the worker, . . . the attorney representing the injured worker, . . . *and effecting the recovery*, shall be entitled to a reasonable fee for the attorney's services." Tenn. Code Ann. § 50-6-112(b) (emphasis added). Quite simply, the Hartford argues that counsel for Mr. Gulley did not effect Mr. Gulley's recovery. To effect something is "to produce as an effect; bring about; accomplish; make happen."[1] Effect, *The Random House Dictionary of the English Language* (2d unabridged ed.

---

[1] The Tennessee Workers' Compensation Law does not define "effect" or "effecting." *See* Tenn. Code Ann. § 50-6-102. Thus, the Court looks to the plain meaning of the statutory text, *Jackson v. GMC*, 60 S.W.3d 800, 804 (Tenn. 2001) (quoting *Hamblen Cty. Educ. Ass'n v.*

4

1987). The Hartford asserts, as the Court found in its Findings of Fact, that The Hartford's stipulation with Defendants was the sole proof that Mr. Gulley's medical expenses were reasonable and necessary. Such proof is essential to the recovery of medical expenses, and counsel for Mr. Gulley did not address this issue at trial or in Mr. Gulley's proposed findings of fact or conclusions of law. Thus, it is difficult for the Court to see how counsel for Mr. Gulley brought about Mr. Gulley's recovery of medical expenses. But perhaps more importantly, counsel for Mr. Gulley does not respond to this portion of The Hartford's Motion in his Response.

The Court finds that The Hartford is entitled to recover the amount of its subrogation lien from the Judgment of the Court. Furthermore, the Court finds, in the absence of opposition from Mr. Gulley, that counsel for Mr. Gulley did not effect Mr. Gulley's recovery of medical expenses. Therefore, The Hartford's Motion for Enforcement of Its Subrogation Lien is hereby **GRANTED**.

## II. Mr. Gulley's Motion for Summary Judgment

The Court is confounded by Mr. Gulley's invocation of summary judgment in his Response. Mr. Gulley does not follow any of the proper procedures for filing a motion for summary judgment. *See* Fed. R. Civ. P. 56(c); W.D. Tenn. R. 56.1(a). In fact, the only indications that Mr. Gulley is actually seeking summary judgment, apart from the caption of his Response, are the unsupported requests for summary judgment in his Response's introduction and conclusion. Therefore, Mr. Gulley's Motion for Summary Judgment is **DENIED**.

---

*Hamblen Cty. Bd. of Educ.*, 892 S.W.2d 428, 431 (Tenn. Ct. App. 1994)), "presum[ing] . . . 'that [the] legislature says . . . what it means and means . . . what it says.'" *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017) (quoting *Dodd v. United States*, 545 U.S. 353, 357 (2005)).

## CONCLUSION

For the foregoing reasons, The Hartford's Motion for Enforcement of Its Subrogation Lien is **GRANTED**, and Mr. Gulley's Motion for Summary Judgment is **DENIED**. The Hartford shall recoup the amount of its subrogation lien from the Judgment of the Court. And counsel for Mr. Gulley is barred from collecting attorney fees from that portion of the Judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE


Date: November 5, 2018